OPINION
{¶ 1} Defendant-appellant David Neal appeals from the denial of his "Motion to Release or Vacate Detainer." Neal contends that the trial court erred by failing to release him from custody, because of a defect in the detainer that was used to effect his transfer from federal incarceration to complete serving his Ohio sentence.
 {¶ 2} We conclude that any defect in the detainer is immaterial in view of the fact that Neal is subject to a sentence of incarceration in Ohio that has not been completed, and is presently in Ohio custody completing that sentence. Accordingly, the order of the trial court is Affirmed.
 I {¶ 3} In 1994, Neal pled guilty to one count of Aggravated Robbery, with a firearm specification, and two counts of Receiving Stolen Property. He was sentenced to imprisonment for not less than ten, nor more than twenty-five years, for Aggravated Robbery, with an additional three years for the firearm specification, to be served before, and consecutively to, the Aggravated Robbery sentence. He was also sentenced to two years on one of the Receiving Stolen Property counts, and three years on the other Receiving Stolen Property count, but those sentences were ordered to be served concurrently with each other, and concurrently with his Aggravated Robbery sentence.
 {¶ 4} In 1996, Neal moved to withdraw his guilty plea. The trial court granted the motion in July, 1996. Neal pled guilty to the three counts, again, as originally charged, on September 10, 1996, and the identical sentence was imposed.
 {¶ 5} In Neal's motion to vacate his plea, he indicated that it had been understood that he could serve his prison time in a federal institution, but that he began serving his prison time in a state institution, not a federal institution. After Neal again pled guilty to the offenses, and was again sentenced, the trial court stated on the record that "it is the purpose and intent of this proceeding to allow you to serve your time in the Federal Institution." Although the termination entry remanded Neal to the Department of Rehabilitation and Correction at its Orient facility, it was clearly the understanding of all parties involved, including the trial court, that Neal would eventually be transferred to the custody of federal authorities, to serve a federal sentence. In the re-sentencing, on September 10, 1996, the trial court expressly made the Ohio sentences to run concurrently with the federal sentence.
 {¶ 6} It appears that at some point the federal authorities notified state or county authorities that Neal was due to be released soon from federal custody. In any event, a detainer signed by the Greene County Prosecutor was lodged with federal authorities in late October, 1996. It appears that this detainer referred to the termination entry in 1994, which had been vacated when the trial court granted Neal's motion to vacate his plea.
 {¶ 7} Neal filed a "motion to Vacate Detainer and Sentence Herein" on September 26, 2001. A hearing was held on the motion on December 28, 2001, although no testimony was presented by either party. By entry filed January 28, 2002, the trial court denied Neal's motion. It is clear from our examination of the record that Neal has completed his federal sentence, that he has not completed his sentence in this case, and that he is presently in the custody of the Ohio Department of Rehabilitation and Correction.
 {¶ 8} From the order denying his motion to vacate his detainer and sentence, Neal appeals.
 II {¶ 9} Neal's sole assignment of error is as follows:
 {¶ 10} "A State detainer based upon a vacated and void plea is itself void and cannot be untimely renewed."
 {¶ 11} Although we do not find in our record the detainer sent by the Greene County Prosecutor to the federal authorities, the State does not dispute that that detainer mistakenly referred to the 1994 termination entry imposing the sentence. Accordingly, Neal is correct that the detainer was based upon a vacated sentence, the 1994 sentence having been vacated when Neal was permitted to withdraw his plea in 1996. We do not understand how Neal can claim to have been prejudiced by any impropriety in the detainer. No matter how he has come to be transferred from federal custody to Ohio custody, he is now in Ohio custody, serving a lawfully imposed Ohio sentence of incarceration that has not yet been completed. Neal does not dispute that he has received credit for the time he spent incarcerated pursuant to his federal sentence. The detainer procedure is simply a mechanism to accomplish the transfer of Neal's custody from federal to state authorities. That purpose having been accomplished, any defect in the detainer procedure is now moot.
 {¶ 12} Neal argues that by virtue of Article V(c) of the Interstate Agreement on Detainers, codified in Ohio at R.C. 2963.30, he had to be brought to trial within 180 days of a "request for disposition." We have not been able to find this provision, but we have found in Article IV(c) of the Interstate Agreement on Detainers a requirement that trial be commenced within 120 days of the arrival of the prisoner in the receiving state. There is also a provision in Article III(a) that a person must be brought to trial within 180 days "after he shall have caused to be delivered to the prosecuting officer in the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint." Article V(c) then provides that: "In the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."
 {¶ 13} We agree with the State that these are provisions designed to prevent someone who has been charged in Ohio with an offense, but has not yet been convicted and sentenced, from languishing in custody, pursuant to a detainer, for an unreasonable amount of time without being brought to trial. We agree with the State that these provisions are not applicable to someone, like Neal, who has already been convicted and sentenced. Neal is subject to incarceration by virtue of his Ohio sentence, and every day that he has been incarcerated, whether in federal custody or in Ohio custody, is being credited against his Ohio sentence. Accordingly, we conclude that Neal has not been prejudiced by any procedural defect in the process by which the transfer of his custody from federal authorities to Ohio authorities was effected.
 {¶ 14} Neal's sole assignment of error is overruled.
 III {¶ 15} Neal's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and YOUNG, JJ., concur.